# EXHIBIT A

ELECTRONICALLY FILED
2020 Mar 25 2:53 PM
CLERK OF COURT

# IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**APRIL HEARD and as Parent and Next Friend of** ███████████, **a minor,**

    **Plaintiffs,**

v.

**MONIQUE THOMAS individually and SHELBY COUNTY SCHOOLS a/k/a SHELBY COUNTY BOARD OF EDUCATION.,**

    **Defendants.**

Docket No. CT-_____-20

Division _____

**JURY DEMANDED**

## COMPLAINT

Comes Now, Plaintiff, April Heard and as parent and next friend of ███████████ (hereinafter collectively referred to as "Plaintiffs") by and through her counsel of record, Eskins, King & Marney, P.C., James E. King, Jr. for the Firm, and files this Complaint against Defendants Monique Thomas and Shelby County Schools a/k/a Shelby County Board of Education (hereinafter collectively referred to as "Defendants") and in support thereof would state unto this Honorable Court the following to wit:

### I. PARTIES

1. Plaintiff, April Heard, respectfully alleges that she is an adult resident citizen of Memphis, Shelby County, Tennessee, and that she is the parent and legal guardian of Plaintiff ███████████. Plaintiffs reside at ███████████ Memphis, TN 38141.

2. Defendant Monique Thomas ("Defendant Thomas") is an adult resident citizen of Memphis, Shelby County, Tennessee who works for Shelby County Schools as a Resource Officer.

1

Defendant Thomas may be served with process 4080 Kirby PKWY, Memphis, TN 38115.

3. Defendant Shelby County Schools a/k/a Shelby County Board of Education is a governmental entity which may be served with process upon the highest-ranking official at 160 S. Hollywood Street, Memphis, Tennessee 38112.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to inter alia, Tenn. Code Ann. § 16-10-101.

5. Venue is proper in this Court pursuant to inter alia, Tenn. Code. § 20-4-101, because all or part of this cause of action arose within Shelby County, Tennessee.

6. This Complaint is filed within the applicable statute of limitations.

## III. FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation set forth in the preceding paragraphs of this Complaint.

8. On or about March 26, 2019, during the morning hours, Plaintiff April Heard received a frantic phone call from her daughter, Plaintiff ▮▮▮▮▮, regarding school resource officer Monique Thomas. Plaintiff April Heard could not really understand all that was said but due to Plaintiff ▮▮▮▮▮'s profuse crying, Plaintiff April Heard jumped in her car and drove to Kirby High School, which is a few blocks over from where Plaintiff lives.

9. When Plaintiff Heard arrived at the school, Plaintiff Heard was asked to wait in the main office. Upon arriving in the main office, school personnel informed Plaintiff April Heard that school personnel were speaking with Plaintiff ▮▮▮▮▮.

10. However, after Plaintiff April Heard waited several minutes she asked again where Plaintiff ▮▮▮▮▮ was and demanded to know because she informed them that when her

2

daughter called her, she was crying profusely.

11. After no one told Plaintiff Heard anything further regarding her daughter, Plaintiff left the office and saw an emergency vehicle or ambulance arrive at the school. At that point Coach Frank walked up to her and asked her if Plaintiff ▮▮▮ had asthma and Plaintiff April Heard asked, "is that ambulance for her?"

12. Coach Frank then answered yes, opened a door to a room where Plaintiff ▮▮▮ was waiting and immediately noticed blood droplets all over the floor. Plaintiff April Heard then looked up and saw Plaintiff ▮▮▮ sitting in the room, in tears, with a gash on her lip.

13. After seeing her daughter, Plaintiff Heard was frantic, extremely upset, began crying, and demanded to know what happened to her daughter.

14. At this point, Plaintiff ▮▮▮ explained to Plaintiff April Heard that she was in the cafeteria and another student ("TW"), who she was not friendly with, bumped into each other but otherwise nothing happened.

15. After the incident, Defendant Thomas, who Plaintiffs believe is related to TW, approached Plaintiff ▮▮▮ and asked her to leave the cafeteria.

16. As they were walking out of the cafeteria, Defendant Thomas began to sarcastically ask her, "what's the problem, what's the problem." Also, as Defendant Thomas was walking with Plaintiff ▮▮▮, Defendant Thomas began making jokes about Plaintiff ▮▮▮'s weight. At this point, Plaintiff ▮▮▮ became upset, scared and began crying as Defendant Thomas forcefully escorted her into the satellite office.

17. After Defendant Thomas took Plaintiff ▮▮▮ into the satellite office, Defendant Thomas would not allow Plaintiff ▮▮▮ to sit down but instead backed

Plaintiff ▮ into a corner in a threatening manner.

18. Plaintiff ▮ was still crying and holding her cell phone up saying to Defendant Thomas that "I called my mother" who she thought was still on the phone and could hear the conversation with Defendant Thomas. However, the phone call between Plaintiff April Heard and Plaintiff ▮ was disconnected and Plaintiff April Heard was not on the phone.

19. Immediately thereafter, Defendant Thomas knocked the phone out of Plaintiff ▮'s hand and struck Plaintiff ▮ in the lip. At no time did Plaintiff ▮ threaten TW or Defendant Thomas and there was no basis to detain or otherwise assault and batter Plaintiff ▮.

20. Upon information and belief, Defendant Shelby County Schools a/k/a Shelby County Board of Education is required to provide training for its resource officers.

21. Upon information and belief, Defendant Shelby County Schools a/k/a Shelby County Board of Education is also required to perform background checks and take other reasonable measures to ensure that resource officers will conduct themselves in a manner that will not place students in danger.

22. Upon information and belief, Defendant Shelby County Schools a/k/a Shelby County Board of Education has allowed this type conduct to go unpunished in the past leading to the actions in this case. Indeed, in this case, instead of taking action to discipline or otherwise make sure its resource officer will not engage in this conduct in the future, Defendant Shelby County Schools a/k/a Shelby County Board of Education, through officers and supervisors that made the scene, instigated through the Memphis Police Department, a bogus incident report indicating that Defendant Thomas was the victim instead of Plaintiff ▮.

4

23. Based on the above-mentioned facts, Plaintiff ▮▮▮▮▮ suffered extreme emotional distress and physical assault. Plaintiff April Heard suffered emotional distress based on Defendant Shelby County Schools a/k/a Shelby County Board of Education's breach of its duty to provide Plaintiff April Heard with a reasonably safe school environment whereby her daughter would not be subjected to physical abuse by one of its resource officers.

24. Based on the actions of Defendant Thomas, Defendant Shelby County Schools a/k/a Shelby County Board of Education's failed to use proper care in the hiring, training, or supervising of its resource officers who caused or contributed to the constitutional violations suffered by the Plaintiffs.

25. Defendant Shelby County Schools a/k/a Shelby County Board of Education's failure to take action to end this widespread pattern of unconstitutional conduct, along with a general failure to supervise and train its school resource officers, maintained a policy of indifference that enabled Defendant Thomas to commit the reprehensible, willful, and wanton acts against the Plaintiff ▮▮▮▮▮. This policy was the moving force behind Defendant Thomas' violation of Plaintiff ▮▮▮▮▮'s constitutional rights.

26. Defendant Shelby County Schools a/k/a Shelby County Board of Education's attempted to "cover up" Defendant Thomas constitutional violations and its prior failures to act constitute deliberate indifference and therefore, the individually named Defendant and Defendant Shelby County Schools a/k/a Shelby County Board of Education's are liable for the constitutional violations suffered by Plaintiffs

## CAUSES OF ACTION

27. Plaintiffs restates and incorporates paragraphs 1-26 as if fully set forth herein.

28. Plaintiffs charge, aver, and bring the following causes of action against the

5

Defendants:

    a. The Tennessee State law claim of outrage or intentional infliction of emotional distress against both Defendants because Defendant's Thomas actions against Plaintiff ▇▇▇ are intolerable in a civilized community and rise to the level of outrageousness.

    b. False imprisonment against both Defendants for holding Plaintiff ▇▇▇ against her will in the satellite room with no probable cause to believe a criminal act occurred.

    c. Negligent Infliction of emotional distress as to Plaintiff April Heard because Defendant Shelby County Schools a/k/a Shelby County Board of Education's has a duty to provide a safe school environment for students and breached that duty when Defendant Thomas busted her daughter's, Plaintiff ▇▇▇, lip causing it to drip blood all over the satellite room's floor and when Plaintiff's Heard got to the room and saw the blood and Plaintiff ▇▇▇'s lip, it immediately caused Plaintiff April Heard emotional distress causing Plaintiff Heard to seek additional treatment for undue stress.

    d. Alternatively, Plaintiff charges, avers, and brings the following causes of action against Defendant Thomas, pursuant to 42 U.S.C. § 1983, because while acting under the color of state law, Defendant Thomas violated Plaintiff ▇▇▇'s rights, protected by the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Fourth Amendment Protections against unreasonable searches and seizures, and the right to be free from the unreasonable and excessive force, when

        Defendant Thomas attacked Plaintiff ▓▓▓▓, busting her lip, for no lawful reason causing Plaintiff ▓▓▓▓ to suffer physical battery and assault without provocation and in so doing violated her constitutional rights.

e.   Alternatively, Plaintiffs plead a violation of 42 U.S.C. § 1983, because the Defendant Shelby County Schools a/k/a Shelby County Board of Education, acting under the color of state law, violated Plaintiff's rights protected by the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Fourth Amendment protections against unreasonable searches and seizures, and the right to be free from the use of unreasonable and excessive force, when policymakers attempted to "cover up" and/or failed to put a stop to or to correct a widespread pattern of unconstitutional conduct by its resource officers and failed to appropriately train, supervise, or discipline its resource officers which caused the violation of the Plaintiff ▓▓▓▓'s constitutional rights protected by the United States Constitution.

f.   Alternatively, pursuant to 42 U.S.C. § 1983, because while acting under the color of state law, Defendant Thomas and Defendant Shelby County Schools a/k/a Shelby County Board of Education violated Plaintiff ▓▓▓▓'s rights protected by First Amendment to the U.S. Constitution to be free of retaliation when, after she held her phone up and said she had called her mother, Defendant Thomas knocked her cellular phone out of her hand and then punched Plaintiff ▓▓▓▓ in the

7

        mouth busting her lip causing blood droplets to spew all over the floor and these actions occurred without provocation or probable cause and in so doing, violated her constitutional rights protected by the First Amendment to the Constitution.

    g.    Negligence of Defendant Shelby County Schools a/k/a Shelby County Board of Education because it has a duty to protect its students by properly training or otherwise making certain that individuals hired to be around the students will not pose an unreasonable risk of harm to the students and in breaching these duties caused Plaintiffs to suffers damages based on the conduct described herein.

## DAMAGES

29.    Plaintiffs restate and incorporate paragraphs 1-28 as fully incorporated herein.

30.    Plaintiffs seek injunctive relief to put an end to the unlawful practices undertaken by the Defendants. Additionally, Plaintiffs seek all compensatory damages available to them under the law including but not limited to medical bills incurred, emotional distress, pain and suffering, humiliation, and embarrassment. Plaintiff seeks punitive damages against Defendant Thomas in a sufficient amount to punish and prevent the intentional and reprehensible practices undertaken with reckless disregard to Plaintiff' [REDACTED] 's rights. Plaintiff seeks an award of $500,000.00.

**WHEREFORE**, Plaintiff prays that the Court require the Defendants to appear and answer the Complaint; that Plaintiffs are awarded all compensatory damages that are available to them under the law; that the Defendants be permanently enjoined from allowing such action to occur in the future with respect to the treatment of any human being; that Plaintiffs are awarded punitive

damages in a sufficient amount that will deter such conduct and treatment from occurring in the future and will punish the Defendant Thomas in his individual capacity for the reprehensible conduct; that Plaintiffs are awarded attorneys' fees, costs, pre-and post-judgment interest, and any and all other relief to which he is entitled at law and equity.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

ESKINS, KING, & MARNEY, PC

BY: _____
JAMES E. KING, JR. (BPR #21219)
ERIC E. LINDQUESTER (BPR #35229)
Attorneys for Plaintiff
200 Jefferson, Suite 1510
Memphis, TN 38103
(901) 578-6902