# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

**APRIL HEARD, and as Parent and Next Friend of D.H., a minor,**

    Plaintiffs,

vs.                                                                                Case No.: 2:20-cv-2335-MSN-cgc

**MONIQUE THOMAS individually and SHELBY COUNTY SCHOOLS a/k/a SHELBY COUNTY BOARD OF EDUCATION,**

    Defendants.

## DEFENDANT MONIQUE THOMAS' ANSWER TO COMPLAINT

Defendant Monique Thomas ("Ms. Thomas") files her Answer to the Complaint of Plaintiffs April Heard, and as Parent and Next Friend of D.H., a minor. Except as expressly admitted, qualified, or otherwise admitted, Ms. Thomas specifically denies each and every allegation or statement contained in the Complaint. Ms. Thomas responds to the numbered allegations in the Complaint as follows:

### I. PARTIES

1. Ms. Thomas is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Ms. Thomas admits she is an adult resident of Memphis in Shelby County, Tennessee. Ms. Thomas denies the remaining allegations in Paragraph 2.

3. Ms. Thomas is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3.

## II.  JURISDICTION AND VENUE

4. In response to Paragraph 4, Ms. Thomas states that this action was properly removed to this Court pursuant to 28 US.C. §§ 123(c)(2) and 1441, and Ms. Thomas consents to such removal.  As a result of insufficient process and service of process as to Ms. Thomas, this Court lacks personal jurisdiction over Ms. Thomas.

5. In response to Paragraph 5, Ms. Thomas states that this action was properly removed to this Court pursuant to 28 US.C. §§ 123(c)(2) and 1441, and Ms. Thomas consents to such removal. As a result of insufficient process and service of process as to Ms. Thomas, this Court lacks personal jurisdiction over Ms. Thomas.

6. Ms. Thomas states that Paragraph 6 states a legal conclusion to which no response is required. To the extend the response is deemed required, Ms. Thomas denies the allegations in Paragraph 6.

## III.  FACTUAL ALLEGATIONS

7. Paragraph 7 does not require a response.

8. Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

9. Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies same.

10. Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies same.

11. Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same.

12.     Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies same.

13.     Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same.

14.     Ms. Thomas is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies same.

15.     Ms. Thomas denies the allegations in Paragraph 15.

16.     Ms. Thomas denies the allegations in Paragraph 16.

17.     Ms. Thomas denies the allegations in Paragraph 17.

18.     Ms. Thomas denies the allegations in Paragraph 18.

19.     Ms. Thomas denies the allegations in Paragraph 19.

20.     Paragraph 20 states a legal conclusion to which response is required. To the extent a response is deemed required, Ms. Thomas denies the allegations in Paragraph 20.

21.     Paragraph 21 states a legal conclusion to which response is required. To the extent a response is deemed required, Ms. Thomas denies the allegations in Paragraph 21.

22.     Ms. Thomas denies the allegations in Paragraph 22.

23.     Ms. Thomas denies the allegations in Paragraph 23.

24.     Ms. Thomas denies the allegations in Paragraph 24.

25.     Ms. Thomas denies the allegations in Paragraph 25.

26.     Ms. Thomas denies the allegations in Paragraph 26.

## CAUSES OF ACTION

27.     Paragraph 27 does not require a response.

28.     Ms. Thomas denies the allegations in Paragraph 28 and denies Plaintiffs are entitled to the relief requested.

## DAMAGES

29.     Paragraph 29 does not require a response.

30.     Ms. Thomas denies the allegations in Paragraph 30 and denies Plaintiffs are entitled to the relief requested.

In response to the WHEREFORE paragraph of the Complaint. Ms. Thomas denies that any violation of Plaintiffs' rights occurred, denies that Plaintiffs are entitled to any of the relief requested, and denies that Ms. Thomas is liable to Plaintiffs in any amount.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state claims against Ms. Thomas upon which relief can be granted.

2.     Process and service of process as to Ms. Thomas are deficient and improper because no summons was served upon Ms. Thomas in accordance with state or federal law.  Specifically, Ms. Thomas had not been served with process at the time this matter was removed to District Court, and service of the state court's initial summons was never served upon Ms. Thomas. Plaintiffs' attempt to serve Ms. Thomas with an alias summons issued by the State Court after removal is improper because service of process after removal is governed by federal law, and new process must be issued pursuant to Fed. R. Civ. P. 4.  Plaintiff has not sought issuance of a federal summons under Fed. R. Civ. P. 4.  As a matter of law, Ms. Thomas has not been properly served with process in this matter, and this Court lacks personal jurisdiction over Ms. Thomas.

3.     Pursuant to Tenn. Code Ann. § 29-20-113, Ms. Thomas asserts she was not acting within her individual capacity at the time of the matters stated in the Complaint.

4.      Ms. Thomas affirmatively asserts, under the doctrine of comparative fault, that if the proof shows that Plaintiffs failed to exercise ordinary care and were at least fifty percent (50%) at fault, Plaintiff is barred from recover.  In the event that Plaintiffs are found less than fifty percent (50%) at fault, any recovery by the Plaintiffs must be reduced by the percentage of fault attributed to Plaintiffs.

5.      Plaintiffs' claims are barred in whole, or in part, by Plaintiffs' failure to mitigate their alleged damages.

6.      Plaintiffs' claims are barred in whole, or in part, by the doctrine of waiver.

7.      Plaintiffs' claims are barred in whole, or in part, by the doctrine of estoppel.

8.      Any damages sustained by Plaintiffs were caused, in whole, or in part, by the actions or inactions of Plaintiffs and not by the actions or inactions of Ms. Thomas.

9.      Plaintiffs' alleged damages were not caused legally, proximately, or in-fact by actions or omissions of Ms. Thomas.

10.     The alleged damages were the result of pre-existing or subsequent conditions of Plaintiffs, which were without negligence, lack of care, or any ot her breach of duty on the part of Ms. Thomas, for which Ms. Thomas is not liable.

11.     Ms. Thomas serves notice upon the Plaintiffs that her investigation of this matter is not yet complete, and she is without sufficient information at this time regarding the assertion of any cross-claims, counterclaims, and/or third party claims against any other parties and specifically reserves the right to amend this answer to include such cross-claims, counterclaims, and/or third party claims as appropriate as investigation and discovery in this matter continues. Ms. Thomas specifically reserves the right to amend this answer and plead and/or delete additional facts and/or defenses as may be supported by said discovery.

12. Ms. Thomas affirmatively asserts immunity from suit under qualified immunity, the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq.* and/or the public duty doctrine.

13. Ms. Thomas expressly reserves the right to assert any affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

14. If the facts and evidence develop during the discovery process or during the trial reveal that this action was untimely filed or the Plaintiffs fail to properly and timely serve Ms. Thomas with process pursuant to federal law, Ms. Thomas will rely upon the applicable statutes of limitation and/or repose as a complete defense.

Having fully answered the Complaint, Ms. Thomas denies that Plaintiffs are entitled to the relief requested herein or to any relief whatsoever from Ms. Thomas.  Furthermore, Ms. Thomas asks that this action be dismissed with prejudice, with costs assessed to Plaintiffs, and that Ms. Thomas be awarded such other and further relief to which she may be entitled, including without limitation attorneys' fees pursuant to Tenn. Code Ann. § 29-20-113.

Respectfully submitted,

/s/ Jamie L. Morton
JAMIE L. MORTON (#031243)
Shelby County Board of Education
Office of the General Counsel
160 S. Hollywood St., Room 218
Memphis, Tennessee 38112
901.416.3612
Mortonj2@scsk12.org

## **CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing has been forwarded via electronic mail this 21st day of July, 2020 to:

James E. King, Jr., Esq.
Eric E. Lindquester, Esq.
Eskins, King & Marney PC
200 Jefferson, Suite 1510
Memphis, Tennessee 38103
jking@eskinsking.com

*Counsel for Plaintiffs*

/s/Jamie L. Morton
Jamie L. Morton