IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| APRIL HEARD, and<br>DERRICKIA HEARD,<br><br>            Plaintiffs,<br><br>vs.<br><br>MONIQUE THOMAS,<br><br>            Defendant. | No. 2:20-cv-2335-MSN-cgc |

## ORDER GRANTING DEFENDANT'S MOTION TO REMOVE APRIL HEARD AS PARENT AND NEXT FRIEND

Before the Court is Defendant Monique Thomas' ("Defendant") Motion to Remove April Heard as Parent and Next Friend or, in the Alternative, Motion to Dismiss Complaint for Failure to Prosecute Under Name of Real Party in Interest, docketed March 25, 2022. ("Motion") (ECF No. 90.)  Plaintiffs responded in opposition on April 8, 2022.  (ECF No. 97.) For the reasons below, Defendant's Motion is **GRANTED**.

## LEGAL STANDARD

"Under Rule 17 of the Federal Rules of Civil Procedure, whenever a minor has a representative, such as 'a general guardian,' the representative may sue or defend on behalf of the minor." *J.H. v. Williamson Cnty.*, No. 3:14-2356, 2016 WL 6071892, *3 (M.D. Tenn. 2016); *see* Fed. R. Civ. P. 17(c).  "State law controls the question whether the represented party's disability has ended during the action . . . ." *Kloian v. Simon (In re Kloian)*, 179 F. App'x 262, 265 (6th Cir. 2006) (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1570, at 507 (1990) ("Wright & Miller, § 1570")); *see, e.g., Grady v. Madison*

*Cnty.*, No. 1:19-cv-01153-STA-tmp, 2020 WL 3036891, *15 (W.D. Tenn. 2020) (citing Tennessee law for the proposition that minors cannot bring a lawsuit on their own); *Davis v. Panda Express, Inc.*, No. 3:20-cv-728-RGJ, 2021 WL 2903240, *6 (W.D. Ky. 2021) (applying state law to determine whether a minor may disavow a contract); *Williamson Cnty.*, 2016 WL 6071892 at *3 ("Under Tennessee law, a parent may maintain a civil action as next friend on behalf of her minor child."); Fed. R. Civ. P. 17(b)(1) ("law of the individual's domicile" controls that individual's capacity to be sued).  Once a court determines that a minor has reached the age of majority under state law, "the fiduciary loses authority to maintain the suit on behalf of the former infant . . . ." *Kloian*, 179 F. App'x at 266 (quoting Wright & Miller, § 1570 at 507); *see, e.g.*, *M.P.T.C. v. Nelson Cnty. Sch. Dist.*, 192 F. Supp. 3d 798, 811 (W.D. Ky. 2016) ("To the extent that Plaintiff seeks to amend the case caption to substitute his initials with his full name because he has reached the age of majority, the Court grants the relief.")  One district court has even "held that service upon a former minor's [guardian ad litem] was 'no service' because the minor had reached the age of majority." *Kloian*, 179 F. App'x at 266 (citing *Mason v. Royal Indem. Co.*, 35 F. Supp. 477, 480–81 (N.D. Ga. 1940)).  Others have explained, "[t]he decision to appoint a 'next friend' . . . rests with the sound discretion of the district court and will be disturbed only for an abuse of discretion." *Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 666 (M.D. Fla. 2007).

## DISCUSSION

Defendant has moved under Federal Rule of Civil Procedure 17(c) to remove Plaintiff April Heard as Parent and Next Friend of D.H. because Derrickia Heard is a real party in interest who attained the age of majority since this litigation began.[1]  Specifically, Defendant references the

---

[1] Plaintiffs do not dispute that Derrickia Heard is a real party in interest, (ECF No. 97 at PageID 1118), or that she has in fact reached the age of majority in Tennessee, which is eighteen

Sixth Circuit's decision in *Wilson v. Webb*, 2000 U.S. App. LEXIS 23585, 2000 WL 1359624 (6th Cir. 2000) as authority for her claim that this litigation should continue in Derrickia Heard's name.[2] (ECF No. 90-1 at PageID 1093.) Defendant further argues that Plaintiff April Heard should no longer appear as Parent and Next Friend of D.H because Derrickia Heard has reached the age of majority in Tennessee. (*Id.*) Defendant submits in the alternative that the Complaint should be dismissed for failure to prosecute.[3] (*Id.* at PageID 1096.) Plaintiffs respond that April Heard *does* have a claim against Defendant for Negligent Infliction of Emotional Distress ("NIED"), but that the Court inappropriately denied leave to amend the Complaint to add it. (ECF No. 97 at PageID 1118.) Plaintiffs further argue that "Defendant's Motion should be denied in its entirety for being brought outside the deadlines provided for in the Court's Scheduling Order." (*Id.* at PageID 1117.)

      Here, Defendant convincingly argues that the docket should reflect Derrickia Heard as a party plaintiff in her individual capacity. *See Walker v. Evans*, No. 10-12596, 2011 WL 3593248,

---

years. *See* Tenn. Code Ann. § 34-1-102(b). Accordingly, the Court concludes for purposes of this litigation that Plaintiff Derrickia Heard has in fact attained eighteen years of age.

[2] Plaintiff represents to the Court that Defendant intended to cite "Wilson v. Luttrell" at "230 F.3d 1361," thus intimating that "Wilson v. Luttrell" is a separate case. (ECF No. 97 at PageID 1117.) However, "Luttrell" was a party in *Wilson v. Webb* and the parties are referring to the same case; "230 F.3d 1361" references several consolidated matters. The Court notes that it accessed the *Wilson v. Webb* opinion without difficulty on LexisNexis, where it appears as "*Wilson v. Webb*" at the citation provided by Defendant, but the same opinion appears on Westlaw under the *Wilson v. Luttrell* caption—as the Court previously intimated, it is one among several cases that share this citation—at the reference provided by Plaintiffs. While the Court abstains from the (lively) debate on whether LexisNexis or Westlaw is *the* superior legal research tool, it will (for clarity) refer to the case cited by the parties as: *Wilson v. Webb*, 2000 U.S. App. LEXIS 23585, 2000 WL 1359624 (6th Cir. 2000) and, subsequently in short form, as *Webb*, 2000 WL 1359624.

[3] The Court cannot discern any authority from the pleadings where a court dismissed a matter for failure to prosecute simply because a party had not been properly substituted. Indeed, Defendant's case law suggests the opposite conclusion. *See, e.g.*, *Webb*, 2000 WL 1359624, at *29 ("Nor does Luttrell appear to have been prejudiced by Price's failure to remove her next friend when she reached the age of majority. . . .") Either way, as this Order will explain, the Court need not address these grounds for alternative relief because substitution is appropriate.

3

*2–3 (E.D. Mich. 2011) (substituting minor plaintiffs' names for next friends because minors reached the age of majority); *see, e.g.*, *Erie R. Co. v. Fritsch,* 72 F.2d 766, 767 (3d Cir. 1934) (minor plaintiff came of age before entry of judgment and the court properly amended the docket to reflect her name on the judgment); *Stephenson v. McClelland*, 632 F. App'x 177, 181 (5th Cir. 2015) (holding that parents lose standing to bring claims on their child's behalf after the child reaches age of majority). The parties do not dispute that Plaintiff Derrickia Heard turned eighteen years old in November 2021, which is the applicable age of majority under Tenn. Code Ann. § 34-1-102(b). Consequently, Plaintiff April Heard no longer has standing to bring a lawsuit on her daughter's behalf.[4] *See McClelland*, 632 F. App'x at 181. Next, the Court turns to whether Plaintiff April Heard would suffer prejudice if removed as Parent and Next Friend to Derrickia Heard. Specifically, Plaintiff April Heard argues that "she sought to add a claim against Defendant asserting negligent infliction of emotional distress." (ECF No. 97 at PageID 1119.) Plaintiffs insist that "at the time the Court denied the Motion for Leave to Amend, Defendant had not been served or otherwise filed a responsive pleading," and therefore Plaintiffs' motion for leave to amend should have been granted "as of right." (ECF No. 97 at PageID 1118.) While it is puzzling why Plaintiffs still filed a motion for *leave* to amend even though they thought themselves entitled to amend the Complaint "as of right," the previously dismissed Defendant School Board *did* file a responsive pleading, (ECF No. 6), *thirty days* before Plaintiffs filed their motion for leave

---

[4] Defendant also cites the Sixth Circuit's decision in *Wilson v. Webb* for this proposition. (ECF No. 90-1 at PageID 1093.) However, as Plaintiffs' counsel aptly points out, Defendant's citation is inexact because it omits the Kentucky Supreme Court decision to which the Sixth Circuit specifically referred. (ECF No. 97 at PageID 1117 n. 1.) The proper citation for the quotation is: *Wilson v. Webb*, 2000 U.S. App. LEXIS 23585, 2000 WL 1359624 (6th Cir. 2000) (citing *Cozine v. Bonnick*, 245 S.W.2d 935, 937–38 (Ky. 1952)). However, inexact citation notwithstanding, the fact that the Sixth Circuit *applied* this principle in *Webb*, coupled with persuasive authority from courts in sister circuits, sufficiently shows that an individual who has reached age of majority may be substituted on the docket in lieu of their authorized representative in accordance with Rule 17.

4

to amend. (*Id.*; ECF No. 8.) As the Court explained in an earlier Order, Plaintiffs' claims against the School Board failed as a matter of law and were dismissed; consequently, the Court denied Plaintiffs' motion for leave to amend in its entirety on August 14, 2020.[5] (ECF Nos. 8, 13.) Therefore, Defendant's Motion is **GRANTED**. The clerk is directed to add Derrickia Heard as a

---

[5] The Court's Order, issued on August 14, 2020 ("August Order"), unequivocally denied leave to amend the Complaint in all respects because it determined the proposed claims would not survive a motion to dismiss. (ECF No. 13.) *See Jenkins v. Foot Locker, Inc.*, 598 F. App'x 346, 350 (6th Cir. 2015). Plaintiffs did not express a written objection with *this* Court—though they did file an interlocutory appeal on September 11, 2020 that was voluntarily dismissed (ECF No. 36)—to the August Order until January 19, 2022. (*See* ECF No. 73 at PageID 553.) To this end, the Court notes that interlocutory review is discouraged where it "would not bring this lawsuit to a close materially sooner than an appeal from final judgment." *In re Nicholas Paul Somberg*, No. No. 2:20-cv-11917, ___ F.4th ___ (6th Cir. 2022). Rather than file a motion to reconsider with *specific* grounds for relief—the *standard procedure* required by Local Rule 7.3(b)—at any time during the ***523*** long days between the Court's August Order and Plaintiffs' January response to Defendant Thomas' motion for summary judgment, Plaintiff ominously warned the Court that Plaintiff April Heard "will proceed with her appeal" should the Court decline to set aside its August Order. (ECF No. 73 at PageID 553.) This bald admonition, bereft of any specific objection to the language or analysis in the August Order, or case law to suggest why or how the Court supposedly erred, does not meet the requirements presented in Local Rule 7.3(b). Indeed, beyond their warning, Plaintiffs have not "specifically shown" any "manifest failure by the Court to consider material facts or dispositive legal arguments" that would compel the Court to revise its August Order under Fed. R. Civ. P. 54(b). L.R. 7.3(b)(3). Moreover, noncompliance with the Local Rules must not be lightly taken because they "promote the efficient operation of the district courts . . . ." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984). The principle that "[d]istrict courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders" is well settled in this Circuit. *Pearce v. Chrysler Grp., LLC Pension Plan*, 615 F. App'x 342, 349 (6th Cir. 2015); *see S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). Therefore, and because Plaintiffs did not file a motion to reconsider (despite *ample* time to do so) as is standard practice under the Local Rules, the Court has not been persuaded to set aside its August Order that denied leave to amend the Complaint.

Plaintiff in this matter and April Heard shall remain a party Plaintiff.[6] April Heard shall no longer be identified as "Parent and Next Friend of D.H."[7] (*See* ECF No. 64 at PageID 525.)

## CONCLUSION

For the foregoing reasons, Defendant's Motion, (ECF No. 90), is **GRANTED**. The clerk is **DIRECTED** to remove April Heard as Parent and Next Friend of D.H., while retaining April Heard as a party Plaintiff in her individual capacity. Plaintiff "D.H." should be reflected on the docket as Plaintiff Derrickia Heard, a second Plaintiff, because she has now attained the age of majority in Tennessee.

**IT IS SO ORDERED** this 5th day of April, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[6] As explained in note five above, Plaintiff April Heard does *not* have a claim for NIED. However, she *does* still have a pending claim for Intentional Infliction of Emotional Distress ("IIED") brought against "both Defendants"—which includes Defendant Thomas. (ECF No. 1-1 at PageID 11–12.) Therefore, going forward, this matter has *two* Plaintiffs: April Heard and Derrickia Heard, each in her individual capacity.

[7] Plaintiffs argue that Defendant's Motion should be denied as an out of time motion to amend the pleadings. (ECF No. 97 at PageID 1118.) However, as Defendant aptly notes in its Motion, the deadline to amend pleadings expired on June 25, 2021—well before Plaintiff Derrickia Heard's eighteenth birthday. (*See* ECF No. 90-1 at PageID 1094; ECF No. 42 at PageID 223.) Plaintiffs' approach to next friend representation not only seems to presume, without authority, that scheduling orders should contemplate birthdays, but also—contrary to Sixth Circuit precedent—that courts ought to never substitute a representative's name for that of a minor who attains the age of majority after the deadline to amend pleadings during litigation. *See Kloian*, 179 F. App'x at 265 (quoting Wright & Miller, § 1570) ("State law controls the question whether the represented party's disability has ended during the action and once it is determined that this has occurred, *the fiduciary loses authority* to maintain the suit on behalf of the former infant . . . .") (emphasis added). The Court cannot divine why, or under what *authority*, Plaintiffs insist the docket should continue to reflect April Heard as Parent and Next Friend of D.H. after April Heard lost her representative capacity for her daughter on Derrickia Heard's eighteenth birthday (which occurred sometime during November 2021). Therefore, the fact that the deadline to amend pleadings has expired does not bear on the Court's decision to remove April Heard as Parent and Next Friend. *See Evans*, No. 10-12596, 2011 WL 3593248, at *2–3.