UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
*Western Division*
*Office of the Clerk*

| | |
|---|---|
| *Wendy R. Oliver, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee 38301* |
| *(901) 495-1200* | *(731) 421-9200* |

NOTICE OF RE-SETTING
Before Judge Mark S. Norris, United States District Judge

**February 16, 2024**

RE: 2:20-cv-2335-MSN
April Heard, et al. v. Monique Thomas

Dear Sir/Madam:

A **JURY TRIAL** has been **RE-SET** before **Judge Mark S. Norris** on **MONDAY, MARCH 18, 2024** at **9:30 A.M. in Courtroom 4, 9th floor of the Federal Building, Memphis, Tennessee**.    (Reset from 02/26/2024)

If you have any questions, please contact the case manager at the number provided below.

Sincerely,
WENDY R. OLIVER, CLERK

BY:   S/ *Zandra Frazier*
      Zandra Frazier, Case Manager
      901-495-1277
      E-mail: zandra_frazier@tnwd.uscourts.gov

Attachment

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**Office of the Clerk**

**PRETRIAL PROCEDURES
For Judge Mark S. Norris, United States District Judge**

The following pretrial procedures shall apply in all matters before Judge Mark S. Norris. The procedures set forth herein apply to *pro se* litigants as well as attorneys.

I.  PRETRIAL CONFERENCE

All attorneys who will try a case are required to attend the pretrial conference **in person**. The parties are not required to attend the conference. The attorneys must be familiar with these pretrial procedures and come to the conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save time and expense. At the time of the conference, counsel will report to the Court the prospects of settlement.

***If an attorney fails to appear at the pretrial conference or to comply with the directions set forth herein, an ex parte hearing may be held and judgment of dismissal or default or other appropriate sanctions entered.***

After the pretrial conference, the Court will enter a Pretrial Order that shall govern the conduct at trial and will constitute the final statement of the issues involved.

Prior to the pretrial conference, counsel must do the following:

1. Complete all discovery.

2. Confer and exchange information as to the ultimate issues of law and fact in order to eliminate unnecessary or irrelevant issues that appear in the pleadings or discovery, arrive at all possible stipulations, and exchange documents and exhibits which will be offered in evidence at trial.

3. Prepare a single proposed joint pretrial order that covers the items set forth below. If counsel are unable to agree completely on a joint order, they shall submit a proposed joint pre-trial order that specifies which matters are agreed upon and those matters on which they have a disagreement. If counsel still cannot agree upon a joint pretrial order, the attorney for each party must submit a proposed pretrial order containing the information below. Plaintiff's attorney is responsible for initiating the proposed pretrial order. All counsel are responsible for ensuring the proposed pretrial order is timely filed.

      4. Comply with Federal Rules of Civil Procedure 26(a)(3)(B) on pretrial disclosures. That rule requires disclosures of witnesses, deposition testimony, and exhibits, (other than impeachment evidence), to the opposing counsel **thirty (30) days** before trial. Within **fourteen (14) days** thereafter, the opposing party must serve and file a list disclosing any objection, together with the grounds therefor, to the admissibility of any exhibit, deposition testimony, or witness testimony.

      5. Furnish to the opposing party, for copying and inspection, all exhibits which are to be offered in evidence.

## II.  PRETRIAL ORDER

The parties' proposed pretrial order shall contain the following:

      1. In the caption, a complete listing of all parties, both plaintiff and defendant, who remain in the case as of the date the joint proposed pretrial order is filed. Do not use "et al."

      2. A statement indicating whether the case is a jury trial or non-jury trial.

      3. An estimate of the length of trial.

      4. A recitation that the pleadings are amended to conform to the pretrial order and the pretrial order supplants the pleadings.

      5. Statement of the Court's jurisdiction and any remaining jurisdictional issues and suggested proper resolution.

      6. A list of pending motions and suggested rulings thereon.

      7. A short summary of the case that may be read to the venire at the beginning of voir dire.

      8. The respective contentions of the parties, including contentions about the nature and amount of damages and with respect to liability.

      9. A comprehensive written statement of uncontested facts that may be stipulated and read to the jury (possible sources of these agreed facts are the pleadings, discovery, or admission of counsel).

      10. A written statement of the contested issues of fact that will explain to the Court the nature of the parties' dispute.

      11. A written statement of the contested issues of law. This is not to be a restatement of the disputed facts but an itemization of the legal issues such as negligence, contributory negligence, etc. ***This is the most important part of the joint pretrial order as these issues, not***

***the pleadings, will govern the trial.***   The Court wants <u>an agreed list</u>, not a separate list for each party.   If either party insists on a triable issue, it is to be listed in the joint proposed pretrial order and will be a triable issue unless the Court decides otherwise at the pretrial conference.

12.   A list of exhibits (except documents for impeachment only) to be offered in evidence by the parties, and preferably, if possible, a stipulation on their admissibility.   If the parties cannot so stipulate, then the objections must be noted in the proposed pretrial order.   To the extent possible, objections shall be ruled on at the pretrial conference.

13.   A list of witnesses for the parties, indicating those who <u>will</u> be called, in the absence of reasonable notice to opposing counsel to the contrary, and those who only <u>may</u> be called. Any objection to a witness in general must be noted in the proposed joint pretrial order.   If any Rule 702 ("expert") witnesses, including treating physicians who will give expert testimony, are listed, the witness shall be identified as such, along with the subject matter of the expert testimony. Opposing counsel shall specify any objection to the witness's expertise or testimony in the proposed joint pretrial order.   To the extent possible, objections will be ruled on at the pretrial conference.

14.   Any deposition testimony that the parties desire to offer into evidence at the trial. The parties shall designate only the relevant portions of the deposition that they wish to read at trial and advise opposing counsel of same. All objections to any such testimony must be noted in the proposed joint pretrial order.   To the extent possible, objections will be ruled on at the pretrial conference.

15.   A statement of the relief sought and the amount of the ascertainable damages.   The listing of the amount of damages shall not constitute an agreement as to the recoverability of same unless so stated.

16.   A list of the names of all attorneys of record in the case along with their law firm affiliations, if any; addresses; phone numbers; and email addresses.

17.   A list of any special equipment such as overhead projectors, easels, computers, etc. that the parties intend to bring for use at the trial.   The court provides a presentation system including monitors, an evidence camera, and a video distribution system for these components. The court does not provide personal computers or laptops to counsel; however, at the Court's discretion, counsel may access the video distribution system with their own laptops to disseminate computer generated evidence.

### III.   MOTIONS IN LIMINE; JURY INSTRUCTIONS; PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Any motions in limine must be filed no later than **<u>twenty-one (21) days before the trial date.</u>**  The opposing party must file a response within **<u>seven (7) days of the date of service of the motion in limine.</u>**   Motions submitted after the deadline may be denied solely on that ground.

3

For jury cases, the parties must submit the following in Word format to Chambers' ECF Inbox (ECF_Judge_Norris@tnwd.uscourts.gov) no later than **two (2) weeks prior to the beginning of trial**:

    1. An **agreed** set of proposed jury instruction. The parties must confer regarding proposed jury instructions to narrow areas of disagreement. The proposed jury instructions should include citations to model instructions or other supporting authority. A party requesting an instruction that cannot be agreed on must submit that instruction to the Court and opposing counsel, setting out the disagreement, by the same deadline.

    2. An **agreed** proposed verdict form.

    3. Any special questions for voir dire examination of the jury venire. The court will conduct a general voir dire and either ask counsel's proposed special questions at that time or allow counsel to conduct limited voir dire.

For non-jury cases, the parties must submit proposed findings of fact and proposed conclusions of law in place of the proposed jury instructions (no later than two (2) weeks prior to the beginning of trial).